**FILED**

**October 27, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 11:00 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| Annabelle Lee, | ) Docket No. 2017-06-0521 |
| Employee, | ) |
| v. | ) |
| Macy's, | ) State File No. 92803-2016 |
| Employer, | ) |
| And | ) |
| Macy's Corporate Group, | ) Judge Kenneth M. Switzer |
| Carrier. | ) |

---

## EXPEDITED HEARING ORDER GRANTING
## TEMPORARY DISABILITY BENEFITS

---

This case came before the Court on October 25, 2017, on Ms. Lee's Request for Expedited Hearing to consider her request for temporary partial disability benefits from March 7 through April 28, 2017.[1] Macy's asserted it is not obligated to pay these benefits because it terminated Ms. Lee for violating workplace rules. The Court disagrees and grants Ms. Lee's request.

### History of Claim

Ms. Lee suffered a work injury at Macy's warehouse on November 24, 2016, when a box struck her back. Macy's accepted the claim and offered a panel, from which Ms. Lee chose Fast Pace Urgent Care. Fast Pace providers placed her on restricted duty. In mid-December, Macy's offered a specialized panel from which Ms. Lee chose neurosurgeon Dr. Robert Weiss. Dr. Weiss took her off work for two weeks beginning December 14. On December 27, he placed her on light duty until January 2, 2017. Ms.

---

[1] Ms. Lee's Affidavit lists injuries to the cervical, thoracic and lumbar spine as well her pelvis, shoulder and knee. However, the Petition for Benefit Determination and the Dispute Certification Notice list only injuries to her back and neck. Tennessee Code Annotated section 50-6-239(b)(1) generally limits the Court's consideration to issues certified on a Dispute Certification Notice. Therefore, the Court limits its consideration at this hearing to Ms. Lee's entitlement to temporary disability benefits for her back and neck injuries.

1

Lee returned to work within the restrictions until they expired and then worked at full duty.

Ms. Lee testified that after the November injury, she complained to Macy's about the individual whom she believed to be responsible for her work injury, but no one in Macy's HR department took action. According to her, she received threats of violence after the incident based upon her race and religion. Then on March 5, Ms. Lee accidentally stepped on a co-worker's foot. In response, the co-worker "violently" shoved Ms. Lee's back and later complained to HR about the incident. Macy's suspended Ms. Lee pending an investigation.

In the meantime, Macy's authorized a return visit to Fast Pace. On March 7, providers placed Ms. Lee on restrictions "until appt w ortho." Ms. Lee testified that the nurse practitioner at that visit was "very disrespectful" and "yell[ed] at me," which prompted Ms. Lee to telephone Macy's nurse and HR to request a new panel.

Ms. Lee met with Macy's HR director, Holly Hubbs, on March 10. Ms. Hubbs vindicated her of any wrongdoing regarding stepping on her co-worker's foot. However, according to Ms. Lee, Ms. Hubbs rebuked her by stating, "You called our office, and I don't like the tone of your phone call," and, "You're making my office a mess," although Ms. Hubbs offered no specifics. Ms. Lee contended Macy's terminated her to retaliate because she complained about the Fast Pace encounter and because Macy's could not accommodate her renewed restrictions.

Ms. Hubbs offered a different account of the March 10 meeting. She testified that she terminated Ms. Lee due to events culminating with:

> [D]isruptive phone calls that she was making to the human resources team. Um, she was leaving voicemails to the team, um, and, ah, complaining to the team in a disrespectful manner. I did not feel like we could continue with a proper working relationship with Ms. Lee, um, based on her behavior. She also stated that, um, there was a conspiracy between Macy's Human Resources and the physicians that were providing her care. And, um, you know, obviously, that just wasn't the case[.]

Ms. Hubbs said the calls and voicemails were "not necessarily about her treatment but about her interactions with folks in the treatment facilities." Ms. Hubbs identified four individuals within the HR department with whom Ms. Lee was "disrespectful" and "yelling" in their conversations but acknowledged that she did not know the dates of the conversations, have records documenting them or that she actually overheard them. Ms. Lee disputed that she yelled, arguing that she used an assertive tone and a loud voice after many years in noisy workplaces. Ms. Hubbs testified that Macy's would have accommodated Ms. Lee's restrictions and she did not terminate Ms. Lee due to her

2

complaints regarding her workplace injury. Macy's introduced no written documentation regarding the circumstances of Ms. Lee's termination, nor did it identify an established or ordinary workplace rule or expectation prohibiting disrespectful interactions between workers.

Macy's submitted a wage statement listing Ms. Lee's compensation rate as $427.25.[2] Ms. Lee seeks benefits from March 7 through April 28. She started full-time employment on April 29 with Envoy Air.

## Findings of Fact and Conclusions of Law

Ms. Lee, as the employee, has the burden of proof on the essential elements of her claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, since this is an expedited hearing, she only has to present sufficient evidence from which the Court can determine she is likely to prevail at a hearing on the merits in order to meet her burden. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Ms. Lee's present claim is for temporary partial disability benefits. Macy's offered a defense to payment of TPD asserting that it was able to accommodate her restrictions and terminated Ms. Lee for misconduct.

The Workers' Compensation Law provides that an injured worker is entitled to temporary partial disability benefits when the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2) (2016). Temporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery. *Mace v. Express Servs., Inc.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 49, at *8 (Dec. 11, 2015).

Here, Ms. Lee is entitled to temporary partial disability if Macy's could not accommodate the March 7 Fast Pace restrictions. However, if Macy's could accommodate her restrictions and its reason for her termination related to a violation of workplace rules or ordinary workplace expectations, Macy's is relieved of the obligation to pay temporary partial disability. The Court finds that Macy's was able to accommodate the March 7 Fast Pace restrictions; Ms. Hubbs testified to this without reservation, and Ms. Lee offered no contrary proof. So, the remaining factual determination is whether Ms. Lee's termination was proper under Workers' Compensation Law principles.

These principles provide that courts must "consider the employer's need to enforce workplace rules and the reasonableness of the contested rules." *Mace*, at *9. An

---

[2] The DCN stated that Ms. Lee disputed the accuracy of the wage statement, but she conceded at the expedited hearing that it is correct.

employer will not be penalized—in this case, required to pay TPD—for enforcing a policy if the Court determines "(1) that the actions allegedly precipitating the employee's dismissal qualified as misconduct under established or ordinary workplace rules and/or expectations; and (2) that those actions were, as a factual matter, the true motivation for the dismissal." *Id.*

The Court finds that Macy's offered no proof of an established workplace rule that Ms. Lee violated and instead considers whether Ms. Lee violated "ordinary workplace expectations." Macy's asserted she violated those expectations in her repeated phone calls to HR complaining about her medical treatment. However, Ms. Hubbs, who identified by name the staff who received the calls, could not testify as to the number or content of the calls. She maintained Ms. Lee yelled but admitted she did not overhear the volume of her voice. Macy's offered no affidavits or testimony from its personnel who actually spoke with or received voicemails from Ms. Lee. Ms. Hubbs acknowledged that the calls related to Ms. Lee's complaints regarding the authorized medical providers. Ms. Hubbs characterized the calls and voicemails as "not necessarily about her treatment but about her interactions with folks in the treatment facilities." However, the Court is not persuaded by her attempt to distinguish between the providers versus the treatment itself—the calls were about her medical treatment. Calling to voice complaints about medical treatment for an admittedly work-related injury, without more, does not violate "ordinary workplace expectations."

Thus, the Court concludes that Macy's failed to offer evidence establishing that they would likely prevail at a hearing on the merits on the issue of terminating Ms. Lee for violation of ordinary workplace rules and expectations. Therefore, Ms. Lee has come forward with sufficient evidence from which this Court concludes that she is likely to prove at a hearing on the merits that she is entitled to TPD benefits from March 7 to April 28, 2016.[3] Based on her compensation rate of $427.25 or $61.03 per day for fifty-three days, Macy's owes Ms. Lee $3,234.59 in past-due TPD.

---

[3] The Court is not aware of whether Macy's paid Ms. Lee during her suspension while investigating the incident. If Macy paid her until her termination on March 10, it is entitled to three days' credit against the TPD it owes her.

4

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Lee's request for temporary disability benefits is granted.

2. This matter is set for a Scheduling Hearing on January 8, 2018, at 9:00 a.m. Central. **You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing.** Failure to call may result in a determination of the issues without your participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

        **ENTERED this the 27th day of October, 2017.**

        **JUDGE KENNETH M. SWITZER**
        **Court of Workers' Compensation Claims**

# APPENDIX

Evidence:
1. Ms. Lee's Affidavit
2. Compilation Medical Records
3. C-42 Choice of Physician: Fast Pace Urgent Care
4. C-42 Choice of Physician: Dr. Weiss
5. C-42 Choice of Physician: Dr. Stahlman
6. Wage statement
7. C-42 Choice of Physician: Dr. Burris
8. C-42 Choice of Physician: Dr. Clendenin
9. C-42 Choice of Physician: Dr. Dube
10. Affidavit of Lindsay Gustavson and attachments

Technical Record:
1. Petition for Benefit Determination
2. Employer's Pre-Mediation Position Statement
3. Dispute Certification Notice
4. Request for Expedited Hearing
5. Employer's Response to Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent to these recipients by the following methods of service on the 27th day of October, 2017.

| Name | Certified Mail | Fax | Regular mail | Email | Sent to |
|------|------|------|------|------|------|
| **Annabelle Lee, Self-represented Employee** | X | | | X | 603 Blackstone Ave., Madison, TN 37115; Annabelle_lee@rocketmail.com |
| **D. Edward Harvey, Garrett Estep, Employer's attorneys** | | | | X | gestep@farris-law.com; eharvey@farris-law.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6